UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-150-H

RICHARD B. THORNTON                                                                                           PLAINTIFF

V.

THE FARMERS BANK, et al.                                                                                 DEFENDANTS

**MEMORANDUM AND ORDER**

Plaintiff, Richard B. Thornton, brings this federal action arising from events occurring in the Breckinridge Circuit Court. The case arises from a foreclosure on Thornton's property. For the reasons that follow all the motions to dismiss should be granted and this matter dismissed with prejudice.

The complaint against the circuit judge and the circuit court clerk are inappropriate because they are sued in their official capacities, which suit is barred under the Eleventh Amendment. *DLX Inc. v. Kentucky*, 381 F.3d 511, 526 (6th Cir. 2004). In addition, the circuit court judge is entitled to judicial immunity. Plaintiff's complaint against the Master Commissioner of Breckinridge County and various court-appointed appraisers acting in their official capacity must also be dismissed on the grounds set forth above.

All of the Bank Defendants are entitled to dismissal of the claims against them based on the Rooker-Feldman Doctrine. That doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,

416 (1923). Here, Thornton complains about the Bank's foreclosure on his property. This involves an ongoing state court proceeding. Without reviewing the particular merits, the Court sees nothing unusual about the proceedings. Plaintiff's appropriate remedy is an appeal to the Kentucky Court of Appeals, if he is dissatisfied with the Breckinridge Circuit Court's handling of the matter. He has no current remedy in federal court.

Finally, the Court can find no basis for a complaint against The Herald News and that claim must also be dismissed. The newspaper has printed lawful advertisements of judicial sales. The Court can find no federal claim arising from such an action.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the various motions to dismiss of each and every one of the named Defendants is SUSTAINED and Plaintiff's claims are DISMISSED WITH PREJUDICE. All other motions are MOOT.

This is a final and appealable order.

cc:    Richard B. Thornton, Pro Se
       Counsel of Record